IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT LEE HOOD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1157-M |
| | § | |
| WAL-MART STORES, INC., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

In 2004, Robert Lee Hood, a Texas prisoner, sued Wal-Mart Stores, Inc. and two of its employees in Texas state court for assault and other tortious conduct arising out of an incident that occurred more than three years earlier. The case was dismissed by the trial court on limitations grounds. That ruling was affirmed on direct appeal. *Hood v. Wal-Mart Stores, Inc.*, No. 05-05-01049-CV, 2008 WL 256763 (Tex. App.--Dallas, Jan. 31, 2008). On July 8, 2008, while a motion for rehearing was pending before the state appeals court, petitioner removed the action to federal district court. The court now determines that removal is improper and that the case should be summarily remanded.

II.

Federal law permits the removal of a variety of state court actions to federal court. *See, generally* 28 U.S.C. §§ 1441-1446. However, the right to remove a case to federal court is limited to defendants. *See, e.g. Kennedy v. Breidenbach*, No. 4-06-CV-584-Y, 2006 WL 2583148 at *1 (N.D. Tex. Sept. 6, 2006), *citing Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 371 (1954) ("[T]he right of removal provided by statute is only available to defendants, and a plaintiff may not remove an action from state court."); *Horton v. Nacogdoches Independent School Dist.*, 81 F.Supp.2d 707, 710 (E.D. Tex. 2000) ("While it is a plaintiff's prerogative to choose the initial forum for his suit, once he files in state court there is no valid authority providing plaintiffs the power of removal to federal court."). Here, plaintiff is attempting to remove a case he filed in state court to federal court. Because there is no legal basis for a plaintiff to remove his own case, this action should be summarily remanded to state court.

## RECOMMENDATION

This case should be summarily remanded to the Court of Appeals for the Fifth District of Texas at Dallas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2008.

/s/ Jeff Kaplan
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE